UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE SCOTT,<br><br>   Plaintiff,<br><br>  v.<br><br>JANET YELLEN, et al.,<br><br>   Defendants. | Case No. 21-cv-01519-PJH<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS** |

  Plaintiff, a state prisoner proceeding pro se, filed a civil action against a governmental entity that was dismissed at screening. Plaintiff filed an appeal with the Ninth Circuit, which re-engaged this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue, or whether the appeal is frivolous or taken in bad faith.

  An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). But even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is

"frivolous" if it has "no arguable basis in fact or law." See *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

In this action, plaintiff seeks court intervention in obtaining his economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, No. 20-cv-5309 PJH, ––F.3d –– 2020 WL 6065059 (N.D. Cal. Oct. 14, 2020). Plaintiff was advised that he was not entitled to relief to the extent he sought the court to compel the IRS to provide his EIP. The court in *Scholl* found that the EIP could not be denied only because an individual was incarcerated. However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP, which is the relief sought in this case. That responsibility fell to the IRS to make an individual determination. More importantly, funds cannot now be distributed pursuant to the CARES Act. The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed. That deadline has passed, and no more funds may be issued. Plaintiff's action has no arguable basis in fact or law; therefore, plaintiff's in forma pauperis status is **REVOKED**. The clerk is requested to forward this order to the Ninth Circuit in case No. 21-15750.

**IT IS SO ORDERED.**

Dated: April 28, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge